**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4706**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN SAKASKI ROBINSON, a/k/a Worm,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:06-cr-01322-TLW-1)

Submitted:  April 17, 2018                          Decided:  April 19, 2018

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Sakaski Robinson appeals the district court's judgment revoking his supervised release and imposing a sentence of 52 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Robinson's sentence is plainly unreasonable. Robinson has filed a pro se supplemental brief in which he claims he was denied the effective assistance of counsel at his revocation hearing. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb,* 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "In determining whether a [revocation] sentence is plainly unreasonable, we first decide whether the sentence is unreasonable . . . follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006). A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) (2012) factors it is permitted to consider in a supervised release revocation case, and explains the sentence adequately. *See* 18 U.S.C. § 3583(e) (2012); *United States v. Thompson*, 595 F.3d 544, 546-47 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *See Crudup*, 461 F.3d at 440. Only if a sentence is found unreasonable will we assess

whether it is plainly unreasonable. *Id.* at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. *Id.*

We discern no error in the district court's decision to impose a 52-month term of imprisonment. The sentence is within the statutory maximum and the advisory policy statement range based on Robinson's violations and criminal history. *See* U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (2016). The court adequately stated permissible reasons for the sentence and stated that it had considered the § 3553(a) factors it was permitted to consider in a supervised release revocation proceeding.

In his pro se supplemental brief, Robinson claims he was denied effective assistance of counsel. "Claims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance. . . . Otherwise, the proper avenue for such claim is a 28 U.S.C. § 2255 [(2012)] motion filed with the district court." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). We find that ineffectiveness does not conclusively appear on the face of the record.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation judgment. This court requires that counsel inform Robinson, in writing, of the right to petition the Supreme Court of the United States for further review. If Robinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robinson.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*